UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY JAMES FLOYD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-MC-0612 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| ROBERT DE LOS SANTOS, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Government's motion to dismiss Anthony Floyd's petition to quash a third-party summons. ECF No. 4. For the reasons set forth below, the motion will be granted.

### BACKGROUND

Mr. Floyd, a tax return preparer, is under investigation by the IRS for tax fraud in violation of 26 U.S.C. §7206. In connection with that investigation, IRS Special Agent Robert De Los Santos served a third-party summons on Scottrade Financial Services, Inc., seeking records related to Floyd's accounts with that institution. Floyd filed a motion to quash the summons on the basis that it was issued without any legal authority or legitimate purpose and solely to harass him. In response, the Government filed the present motion to dismiss, asserting that the summons is legally valid and, moreover, Floyd's motion was untimely and also defectively served. In support of its motion, the Government submitted a declaration by Agent De Los Santos stating that: (1) the

1

summons was issued for the purpose of investigating whether Floyd had violated 26 U.S.C. 7206(1) and (2); (2) the records sought may be relevant to that investigation; (3) the information requested was not already in the Government's possession; and (4) administrative steps required by the Internal Revenue Code for the issuance of a summons had been followed.[1] Floyd has not filed any opposition to the motion, and the time to do so has passed.

## DISCUSSION

The record confirms that Floyd's petition is untimely, so this Court lacks jurisdiction to review the merits. 26 U.S.C. §7609(b)(2)(A) states that a proceeding to quash must be initiated "not later than the 20th day" after notice is given. That clock starts to run when notice is mailed, not when it is received. *Loppnow v. United States*, 4:08-MC-661 CAS, 2009 WL 1383099, at *3 (E.D. Mo. May 14, 2009), citing *Berman v. United States*, 264 F.3d 16, 18 (1st Cir. 2001). The Government mailed its notice of the summons on August 27, 2018. Floyd filed his petition 24 days later, on September 20, 2018.

"This twenty-day period is jurisdictional, and the court *must* dismiss a petition not filed within that time period." *Id.*, citing *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). (emphasis added) "The jurisdictional limitation of section 7609 is a conditional waiver of the government's sovereign immunity." *Id.*, citing *Faber v.*

---

[1] Though the Court does not reach the merits of Floyd's petition, the Court observes that these declarations mirror the requirements for the enforcement of a summons as stated in *United States v. Powell*, 379 U.S. 48, 58 (1964), and on this record the summons appears to be properly issued for a legitimate investigative purpose.

*United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). "Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent." *Id*. "Because the exercise of a court's jurisdiction over the government depends upon the government's consent, a statute that waives sovereign immunity must be strictly construed." *Id*. "As a result, a district court exercising jurisdiction pursuant to 26 U.S.C. § 7609(h) has jurisdiction over a petition to quash a third party summons only if the petition is timely filed within the twenty-day filing period established by the statute." *Id*.

While the Court acknowledges Mr. Floyd's likely frustration at disposition of his case on a perceived technicality, the foregoing precedent nonetheless mandates dismissal of his petition for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' motion to dismiss is **GRANTED**. ECF. No. 4. An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of December, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE